IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-243-BO

| | |
|---|---|
| PAMELA MILOVANOVICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 24]. A hearing on this matter was held in Raleigh, North Carolina on October 30, 2013 at 2:00 p.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On January 27, 2010, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income payments under Title XVI of the Act. She alleges an onset date of December 24, 2009. The claimant's application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing on April 6, 2011. On May 11, 2011 the ALJ denied plaintiff's claim in a written decision. On August 28, 2012 the Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff allegedly suffers from right ear hearing loss, Type II diabetes, residuals from cervical discectomy and fusion, obesity, hypothyroidism with history of thyroid cancer, depression disorder, reading disorder, and borderline intellectual functioning. Plaintiff has complained of shoulder, neck, and back pain, and depression. She has received limited general physical treatment. (Tr. 340–80, 396–544, 567–609, 623–76, 679–707). She has also received some limited mental health treatment. (Tr. 545–66, 610–22, 677–78). She underwent a series of mental and physical evaluations and state agency reviews. (Tr. 392–95, 387–91, 103–115, 118–33).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments

2

significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App'x 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff argues that the ALJ erred at step three in the process when he evaluated Ms. Milovanovich's impairments under listing 12.05C. The listing requires a valid verbal, performance, or full scale IQ of 60-70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 10 C.F.R. Part 404, Subpt. P, App'x I § 12.05C. Additionally, the claimant must have adaptive deficits which manifested before age 22. *Id.* § 12.05.

The ALJ found that Ms. Milovanovich did not meet listing 12.05C because (1) there was no evidence to suggest she was functioning at the mild mental retardation level before age 22, (2) there was no evidence in the record to support her allegation of being in special education classes, and (3) her earnings records demonstrated that she had been employed for the majority of her adult life. (TR. 26).

3

However, there is evidence that Ms. Milovanovich was function in the mild mental retardation range prior to age 22. At the age of 14, her IQ was measured at only 60. (Tr. 93). Further, even if this score was not in the record, mental retardation is a lifelong condition, and, in the absence of evidence of a change in the claimant's intellectual functioning, it must be assumed that the claimant's IQ score remained relatively constant throughout her life. *Luckey v. U.S. Dept. of Health and Human Servs.*, 890 F.2d 666, 668 (4th Cir. 1989). "[T]he absence of an IQ test during the developmental years does not preclude a finding of mental retardation predating age 22." *Id.* Further, the record has several references to her being in special education while in school. (Tr. 322, 392, 550)

The ALJ erred when finding that plaintiff's work history precluded her from meeting the 12.05C listing. A mildly mentally retarded individual can perform unskilled work such as sweeping and mopping floors and taking out the trash (Tr. 40–41), but cannot work a desk job. Listing 12.05C assumes many, if not most, mildly mentally retarded individuals will be able to work, and the fact that a claimant has a history of continuous employment in the past is irrelevant to whether she has subsequently become disabled due to the development of additional severe impairments. *Shaw v. Astrue*, 2009 U.S. Dist. LEXIS 71571 at *16–17 (E.D.N.C. July 10, 2009) *adopted by* U.S. Dist. LEXIS 71568 (E.D.N.C. Aug. 13, 2009). The Fourth Circuit follows the rule that if a claimant cannot return to his past relevant work, he has established a work related limitation of function which meets the requirements of 12.05C. *Flowers v. U.S. Dept. of Health and Human Servs.*, 904 F.2d 211, 214 (4th Cir. 1990).

The ALJ found that plaintiff suffers from additional impairments imposing significant work related limitations of function finding that her hearing loss, diabetes mellitus, residuals from cervical discectomy and fusion, obesity, hypothyroidism with history of thyroid cancer,

depressive disorder, borderline intellectual functioning, and reading disorder which were all severe impairments. (Tr. 22).

The final requirement to meet a 12.05C listing is deficits of adaptive functioning. These include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety. *Atkins v. Virginia*, 536 U.S. 304, 309 n.3 (2002). Several adaptive deficits were noted for Ms. Milovanovich in the record. She has very poor academic skills and is functionally illiterate. (Tr. 43). She never performed work involving reading and math. *Id.* She has always performed menial jobs in the past. (Tr. 394). Her husband completed ther function report for her disability application. (Tr. 307–08). She also has an adaptive deficit in communicating with others as evidenced by her need for her attorney to rephrase and break down several questions for her during her hearing because she did not understand them. (Tr. 46, 55–56).

There is not substantial evidence that supports the ALJ's determination that plaintiff did not meet the 12.05C listing. Indeed, all of the substantial evidence is that she conforms to the listing. Accordingly, the ALJ erred in his determination at step three, and this Court remands this matter to the Commissioner for further proceedings consistent with this Order.

5

Case 4:12-cv-00243-BO   Document 32   Filed 11/07/13   Page 5 of 6

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion is DENIED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.

This 6 day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE